# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-3505
Re: Can the Commissioners' Court
of Harrison County legally
appoint a person not possess-
ing the qualifications of an
engineer as defined in Arti-
cle 3271-A as a superintendent
in maintenance construction
under the facts set forth?

Your request for our opinion on the hereinabove
captioned question has been received. We quote from your
telegram and from your subsequent letter giving us addi-
tional facts, as follows:

"VERY NECESSARY TO KNOW BY NOT LATER THAN
SATURDAY WHETHER OR NOT HARRISON COUNTY
COMMISSIONERS COURT CAN LEGALLY APPOINT
PERSON NOT POSSESSING QUALIFICATIONS OF
ENGINEER AS DEFINED IN ARTICLE THIRTY TWO
SEVENTY ONE A WITH SUBDIVISIONS AS A SUPER-
INTENDENT IN MAINTENANCE CONSTRUCTION ETC
AND NOT HAVE QUALIFIED ENGINEER UNDER THE
LAW SEE SECTION NINETEEN STOP CAN COMMIS-
SIONERS COURT DELEGATE AUTHORITY FORMERLY
HAD BY ENGINEER TO SOME PERSON UNDER OTHER
TITLE THAN COUNTY ENGINEER AND HAVING SAME
DUTIES AS FORMER ENGINEER STOP SECTION NINE-
TEEN THIS ARTICLE LAST PARAGRAPH AMBIGUOUS.
DOES IT MEAN WORK DONE AND SUPERVISED BY
THE COMMISSIONERS OR CAN THEY LEGALLY DELEGATE
WORK TO ONE NOT A QUALIFIED ENGINEER FOR
HIS SUPERVISION ETC. . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The maintenance, construction etc., mentioned in my inquiry is not confined to the construction and maintenance of just county roads, but includes the construction and maintenance of other public works. Also the proposed work by such superintendent would cover a period of time."

Section 19 of Article 3271a, Vernon's Annotated Civil Statutes, provides as follows:

"Sec. 19. After the first day of January, 1938, it shall be unlawful for this State, or for any of its political subdivisions, for any county, city, or town, to engage in the construction of any public work involving professional engineering, where public health, public welfare or public safety is involved, unless the engineering plans and specifications and estimates have been prepared by, and the engineering construction is to be executed under the direct supervision of a registered professional engineer; provided, that nothing in this Act shall be held to apply to any public work wherein the contemplated expenditure for the completed project does not exceed Three Thousand ($3,000.00) Dollars. Provided, that this Act shall not apply to any road maintenance or betterment work undertaken by the County Commissioners' Court."

The term "public works" embraces all construction and improvements, ordinarily of a mixed nature, designed for public use, protection or enjoyment. Clearly included among public works are bridges, school buildings, waterworks, dams, sewers, canals and channels, levees and seawalls, wharves and piers, irrigation, reclamation and drainage projects, and highways and streets. Indeed, every work undertaken by the State, a county, municipality or other public agency is necessarily, in the broadest sense, a "public work". 34 Tex. Jur. 731.

The word "betterments" ordinarily means improvements to property better than repairs. Bouvier's Law Dic-

tionary.    We construe the meaning of the word "betterment work", as used in the last sentence of the quoted section, however, as referring only to betterment work in connection with roads.

It is the opinion of this department, under the facts stated, that Section 19, supra, does not prohibit the Commissioners' Court from appointing a person not possessing the qualifications of an engineer as defined in Article 3271a, V. A. C. S., as a superintendent in the construction of public works where the comtemplated expenditure for the completed project does not exceed $3,000.00; nor does said section prohibit the Commissioners' Court from appointing such a person to supervise any road maintenance or road betterment work undertaken by the county Commissioners' Court.

Where, however, the county Commissioners' Court engages in the construction of public works wherein the contemplated expenditure for the completed project exceeds $3,000.00, and such work involves public health, public welfare or public safety, and also involves professional engineering, it is the opinion of this department that, while a non-engineer could be appointed as general supervisor of such construction, Section 19 requires the county to employ a registered professional engineer to prepare the engineering plans and specifications and estimates, and the engineering construction, likewise, must be executed under the direct supervision of such engineer.

Whether the construction of a particular public work involves "professional engineering" and whether "public health, public welfare or public safety" is involved, are questions of fact, and consequently not subject to being ruled on by this department.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED AUG 26, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

EP:GO

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Edgar Pfeil
Assistant

OPINION
COMMITTEE

BY WRK
CHAIRMAN